UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

     Plaintiff,

v.

WEST SUNSET SQUARE MEMBERS, LLC,
and SABINA 40 ST, LLC.

     Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, West Sunset Square Members, LLC, and Sabina 40 St, LLC, and, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants, West Sunset Square Members, LLC, and Sabina 40 St, LLC, are authorized to conduct, and conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to assure that Defendant and other public accommodations are in compliance with the ADA and ADAAG.

5. Defendant, West Sunset Square Members, LLC, is a Florida Limited Liability Company authorized to transact business in the state of Florida, which owns and/or operates a commercial real property identified as Folio: 30-4929-034-0010, located at 15725 SW 72nd St, Miami, Florida 33193, and the subject of this action. Defendant's real property is built as a shopping center and referenced throughout as "Commercial Property". Defendant, West Sunset Square Members, LLC, is also referred hereto as "West Sunset Square".

6. Defendant, Sabina 40 St, LLC, is a Florida Limited Liability Company authorized to transact business in the state of Florida, which owns and/or operates a commercial real property identified as Folio: 30-4929-034-0010, located at 15725 SW 72nd St, Miami, Florida 33193, and the subject of this action. Defendant's real property is built as a shopping center and referenced throughout as "Commercial Property". Defendant, Sabina 40 St, LLC, is also referred hereto as "Sabina 40 St".

## FACTS

7. Defendants, Sabina 40 St, LLC, and West Sunset Square Members, LLC, are co-owners of the commercial property, which is built as a shopping center and housing a myriad of different businesses including retail, dining options, and related establishments, that provides goods/services to the general public. As such, a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

8. As the owners of the subject commercial property, use as an shopping center open to the general public, Defendants, "Sabina 40 St" and "West Sunset Square", and the businesses therein are open to the public, are also defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104. Defendants collectively are also referred hereto as "Owners".

9. On or about October 28, 2023, Plaintiff personally visited the Commercial Property to inquire and/or use of the services of the tenants' businesses, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, and encountered multiple violations of the ADA that directly affected his ability to use and/or access the Commercial Property and businesses therein, (including the related parking lots and common areas), and has definite plans to return to the Commercial Property within one (1) month of the filing of this Complaint in order to avail himself of the services offered to the public at the Commercial Property, if it becomes accessible.

10. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff encountered architectural barriers to access while patronizing Defendants'

Commercial Property. Based on the access impediments, Plaintiff has been denied full and equal access by Defendants, Sabina 40 St, LLC, and West Sunset Square Members, LLC.

11. Plaintiff has encountered architectural barriers that are in violation of the ADA, at the Commercial Property. The barriers to access at Defendants' Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and businesses therein and likewise endangered his safety. The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, and others similarly situated.

12. Defendants own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation (the shopping center that is the subject of this Action for their violations of the ADA) that Defendants own, and/or operate, the Commercial Property referenced above.

13. Plaintiff, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, including, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and businesses therein which are open to the public and in violation of the ADA. Plaintiff desires to visit the Commercial Property not only to avail himself of the goods and services available at the Commercial Property, but to also assure himself that this Commercial Property is in compliance with the

ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

14. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendants, Sabina 40 St, LLC, and West Sunset Square Members, LLC, owners of the commercial property.

15. As an investor in commercial property, Defendants, Sabina 40 St, LLC, and West Sunset Square Members, LLC, are aware of the ADA and the need to provide for equal access within their commercial property as related to its multiple public accommodation tenants. Therefore, Defendants' failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

16. Plaintiff continues to desire to patronize and/or test the commercial property, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the commercial property with the intention of patronizing and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access the goods and services offered at Defendants' commercial property. Therefore, Plaintiff has suffered an injury in fact.

22. Defendants, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties the businesses thereon, in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to

remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Defendants are governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned/controlled by Defendants, Sabina 40 St, LLC, and West Sunset Square Members, LLC, is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and businesses therein, include, but are not limited to, the following:

**Parking Lot & Accessible Route (Accessible Route from Accessible Parking Space in front Suite 136)**

   i. The plaintiff had difficulty to travel to stores entrance, as the existing curb ramp have a non-complaint slope. Violation: Curb ramp does not provide the required cross slope as per Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The plaintiff had difficulty travel to the strores from the accessible parking space as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.    The access aisle is not marked as per local laws or regulations. The spaces between blue and white Advisory 502.3.3 Marking. The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations. As per the FBC Fig. 9, FDOT Index # 17346, the space between the blue and white line is 2" and the access aisle is measured from the centerline of the white lines.

**Parking Lot & Accessible Route (Accessible Route from Taco Bell to Walgreens)**

    iv.    There are two accessible parking spaces on the south side of Taco Bell. The access aisle is not marked as per local laws or regulations. The spaces between blue and white Advisory 502.3.3 Marking. The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations. As per the FBC Fig. 9, FDOT Index # 17346, the space between the blue and white line is 2" and the access aisle is measured from the centerline of the white lines.

    v.    The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

    vi.    The plaintiff had difficulty travel between buildings as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.    The plaintiff had difficulty travel between buildings as there are running slopes in excess of 5% Violation: The path of travel contains excessive running slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

26.  Pursuant to the ADA, 42 U.S.C. §12101 *et seq*, and 28 C.F.R. §36.304, Defendants have been required to make its Commercial Property and shopping center accessible to persons with disabilities since January 28, 1992, and Defendants have failed to comply with this mandate.

27.  Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendants to alter the Commercial

Property and shopping center such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, Sabina 40 St, LLC, and West Sunset Square Members, LLC, and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court awards any and all other relief that may be necessary and appropriate.

Respectfully submitted on December 1, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*